UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TCF National Bank,<br><br>　　　　　Interpleader Plaintiff,<br><br>v.<br><br>Community Finance Group, Inc., and First Data Merchant Services Corporation,<br><br>　　　　　Interpleader Defendants. | Court File No.: 09-518 DSD/ FLN<br><br>**ANSWER AND CROSS-CLAIM OF INTERPLEADER DEFENDANT/CROSS-COMPLAINANT FIRST DATA MERCHANT SERVICES CORPORATION TO FIRST AMENDED INTERPLEADER COMPLAINT OF TCF NATIONAL BANK** |

Interpleader Defendant/Cross-complainant First Data Merchant Services Corporation ("FDMS"), by and through its undersigned counsel, hereby files its Answer and Cross-Claim to the first amended interpleader complaint of plaintiff, TCF National Bank ("TCF"), and states and alleges as follow:

For its Answer and Cross-Claim to plaintiff TCF National Bank's Complaint, FDMS states that except as hereinafter expressly admitted, qualified or otherwise answered, it denies each and every allegation of the Complaint. FDMS further states:

## JURISDICTION

1.　　Admitted in part. Denied in part. FDMS only admits that the amount at issue is in excess of $500.00. The remaining allegations in paragraph 1 of the amended complaint refer to the amended complaint, which should be reviewed for its content. To the extent that TCF has mischaracterized the content of the amended complaint, FDMS denies those mischaracterizations. The remaining allegations in

401457.2

paragraph 1 of the amended complaint also constitute conclusions of law to which no responsive pleading is required.

## PARTIES

2. Admitted.

3. Admitted in part. Denied in part. It is admitted only that FDMS has a principal place of business at 6200 South Quebec Street, Greenwood Village, Colorado. The remaining allegations in paragraph 3 of the amended complaint are denied.

4. Admitted.

## FACTS

5. Denied. After reasonable investigation, FDMS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the amended complaint and, therefore, denies them.

6. Admitted in part. Denied in part. FDMS only admits that TCF is currently holding $99,999.99 that rightfully belongs to FDMS. After reasonable investigation, FDMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the amended complaint and, therefore, denies them.

7. Admitted in part. Denied in part. FDMS only admits that TCF is currently holding funds in the amount of $99,999.99 that rightfully belongs to FDMS. After reasonable investigation, FDMS is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in paragraph 7 of the amended complaint and, therefore, denies them.

8. Admitted in part. Denied in part. FDMS admits only that a dispute has arisen over the ownership of certain funds being held by TCF. FDMS denies that Community Finance Group, Inc. ("CFG") has any legitimate claim to the funds that TCF currently holds in the amount of $99,999.99. To the contrary, FDMS is the rightful owner of the funds that TCF currently holds. If CFG has any claim, CFG, as a matter of contract, must pursue that claim directly against its customer, Greg Carter, and not against the funds that TCF holds or FDMS. By way of further answer, FDMS incorporates by reference as if set forth at length herein its complaint against CFG that FDMS filed with this Court on March 5, 2009. *First Data Merchant Services Corporation v. Community Finance Group, Inc.* (Civ. No. 09-539 D. Minn.).

9. Admitted in part. Denied in part. FDMS only admits that CFG has claimed ownership to funds currently being held by TCF. FDMS denies that CFG has a legitimate basis to make such a claim. To the contrary, FDMS is the rightful owner of the funds that TCF currently holds. If CFG has any claim, CFG, as a matter of contract, must pursue that claim directly against its customer, Greg Carter, and not against the funds that TCF holds or FDMS. By way of further answer, FDMS incorporates by reference as if set forth at length herein its complaint against CFG, *id.*, all of which FDMS incorporates by reference as if set forth at length herein.

10. Admitted. By way of further answer, FDMS' demands are lawful and appropriate as set forth more fully in its complaint against CFG, *id.*, all of which FDMS incorporates by reference as if set forth at length herein. FDMS incorporates its complaint against CFG by reference as if set forth at length herein.

11. Admitted in part. Denied in part. FDMS only admits that it and CFG have made claims to the funds currently being held by TCF. FDMS denies that CFG has any legitimate basis to make such a claim. If CFG has any claim, CFG, as a matter of contract, must pursue that claim directly against its customer, Greg Carter, and not against the funds that TCF holds or FDMS. By way of further answer, FDMS incorporates by reference as if set forth at length herein its complaint against CFG, *id.*, all of which FDMS incorporates by reference as if set forth at length herein.

12. Admitted in part. Denied in part. FDMS only admits that TCF has frozen funds in the amount of $99,999.99 that are properly payable to FDMS. FDMS denies that CFG has any legitimate basis to make a claim to the funds currently being held by TCF. If CFG has any claim, CFG, as a matter of contract, must pursue that claim directly against its customer, Greg Carter, and not against the funds that TCF holds or FDMS. By way of further answer, FDMS incorporates by reference as if set forth at length herein its complaint against CFG, *id.*, all of which FDMS incorporates by reference as if set forth at length herein. The remaining allegations in paragraph 12 of the amended complaint are denied.

13. Admitted in part. Denied in part. FDMS only admits that the "dispute" regarding the funds currently being held by TCF does not involve TCF. FDMS denies that CFG has any legitimate basis to make any claim to the funds. If CFG has any claim, CFG, as a matter of contract, must pursue that claim directly against its customer, Greg Carter, and not against the funds that TCF holds or FDMS. By way of further answer, FDMS incorporates by reference as if set forth at length herein its complaint against CFG, *id.*, all of which FDMS incorporates by reference as if set forth at length herein.

14. Denied. After reasonable investigation, FDMS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the amended complaint and, therefore, denied them. By way of further answer, the allegations in paragraph 14 of the amended complaint constitute conclusions of law to which no responsive pleading is required. FDMS incorporates by reference as if set forth at length herein its complaint against CFG, *id.*, all of which FDMS incorporates by reference as if set forth at length herein.

15. Denied. The allegations in paragraph 15 of the amended complaint constitute conclusions of law to which no responsive pleading is required. The remaining allegations in paragraph 15 of the amended complaint refer to the amended complaint, which should be reviewed for its content. To the extent that TCF has mischaracterized the content of the amended complaint, FDMS denies those mischaracterizations.

16. Denied. Paragraph 16 of the amended complaint does not contain any allegations of fact and, therefore, no responsive pleading is required.

## AFFIRMATIVE DEFENSES

1. CFG has no legitimate claim to funds in the amount of $99,999.99 that TCF currently holds.

2. Any claim that CFG may have to the funds that TCF currently holds, same being specifically denied, is barred by CFG's breach of the merchant processing agreement between CFG and FDMS.

3. The money that TCF currently holds in the amount of $99,999.99 rightfully belongs to FDMS for the reasons set forth more fully in the complaint that FDMS filed against CFG, *id.*, all of which FDMS incorporates by reference as if set forth at length herein.

4. In accordance with the merchant services agreement between CFG and FDMS, CFG is required to pursue its customer, Greg Carter, pertaining to the funds that TCF currently holds, and is prohibited from asserting a claim to the funds in these proceedings.

## REQUEST FOR RELIEF

WHEREFORE, interpleader defendant, First Data Merchant Services Corporation, seeks a declaration that it is entitled to receive the proceeds currently being held by TCF National Bank in the amount of $99,999.99, plus interest, and that interpleader defendant, Community Finance Group, Inc., must pay First Data Merchant Services Corporation and

TCF National Bank all costs associated with respect to the funds being held by TCF National Bank, as well as First Data Merchant Services Corporation's attorney's fees, costs, expenses, and such other relief that the Court deems just and appropriate.

## CROSS-CLAIM OF INTERPLEADER DEFENDANT/CROSS-COMPLAINANT FIRST DATA MERCHANT SERVICES CORPORATION

Interpleader defendant/cross-complainant, First Data Merchant Services Corporation ("FDMS"), by and through its counsel, in accordance with Federal Rule of Civil Procedure 13(g), hereby asserts the following cross-claim against interpleader defendant/cross-claim defendant, Community Finance Group, Inc. ("**CFG**"), and states and alleges as follows:

1. In the event that the funds that TCF National Bank currently holds in the amount of $99,999.99 are interplead into this Court, CFG has no legitimate claim to those funds. Instead, FDMS is the rightful owner of those funds for the reasons set forth more fully in the complaint that FDMS filed against CFG, *id.*, all of which FDMS incorporates by reference as if set forth at length herein.

## DEMAND FOR RELIEF

WHEREFORE, interpleader defendant, First Data Merchant Services Corporation, seeks a declaration that it is entitled to receive the proceeds currently being held by TCF National Bank in the amount of $99,999.99, plus interest, and that interpleader defendant, Community Finance Group, Inc., must pay First Data Merchant Services Corporation and TCF National Bank all costs associated with respect to the funds being held by TCF National Bank, as well as First Data Merchant

401457.2

7

Services Corporation's attorney's fees, costs, expenses, and such other relief that the Court deems just and appropriate.

Dated:  April 8, 2009

s/Charles N. Nauen
Charles N. Nauen, MN #121216
Matthew R. Salzwedel, MN#312903
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Ave. South, Suite 2200
Minneapolis, MN  55401
Tel:    (612) 339-6900
Fax:   (612) 339-0981
Email: cnnauen@locklaw.com
           mrsalzwedel@locklaw.com


Joshua Horn
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103
Tel:    (215) 299-2000
Fax:   (215) 299-2150
Email: jhorn@foxrothschild.com

*Attorneys for First Data Merchant Services Corporation*