UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TCF National Bank, | Court File No.: 09-CV-00518 DSD/FLN<br>Court File No.: 09-CV-00539 DSD/FLN |
| Interpleader Plaintiff, | |
| v. | MEMORANDUM OF LAW IN<br>SUPPORT OF COMMUNITY<br>FINANCE GROUP, INC'S |
| First Data Merchant Services Corporation<br>and Community Finance Group, Inc. | MOTION TO ENFORCE<br>SETTLEMENT |
| Interpleader Defendants. | |

## INTRODUCTION

Community Finance Group, Inc. ("CFG") seeks an order from this court enforcing a settlement agreement in the amount of $77,433.48, reached between it and Transworld Systems, Inc., an authorized agent acting on behalf of First Data Merchant Services Corporation ("FDMS"), and communicating on its behalf with CFG, both orally and in writing, during the period of stay in this litigation. CFG also seeks and order directing TCF National Bank to release funds being held in CFG's bank account to fund the settlement amount of $77,433.48, and to return the remaining amounts to CFG directly.

## FACTUAL BACKGROUND

On September 3, 2009 the parties to this action executed and submitted to this Court a stipulation to stay proceedings in the above captioned matter as well as a stay of

the companion case number 09-CV-00539 DSD/FLN. This Court issued an order staying both matters indefinitely.

On or about September 5, 2009, Andrew Vilenchik, General Manager of Community Finance Group, received correspondence notifying CFG that First Data Merchant Services Corporation had placed CFG's outstanding balance of $103,244.65 for collection with Transworld Systems, Inc. (f/k/a as NCO Financial). Please see Exhibit "A" to the Affidavit of Andrew Vilenchik.

On or about September, 11, 2009, CFG received a settlement offer from Transworld Systems, Inc., acting on behalf of FDMS, offering to accept the sum of $77,433.48 as settlement in full for all amounts due and owing to FDMS. Please see Exhibit "B" to the Affidavit of Andrew Vilenchik.

That same day, at 11:52am, Mr. Vilenchik, called Transworld Systems and spoke to a gentleman named "Lewis" regarding the settlement offer. He asked Lewis if FDMS would accept an amount less than the $77,433.48. Lewis put Mr. Vilenchik on hold while he requested authorization for a lower settlement and then returned to the telephone to say that this was the lowest settlement amount that Transworld Systems was authorized to accept.

On Monday, September 14th and Tuesday, September 15, 2009, Mr. Vilenchik again spoke with Lewis to see if he could lower the $77,433.38 offer. During both conversations Mr. Vilenchik was put on hold while Lewis requested authorization and both occasions Lewis informed Mr. Vilenchik that $77,433.48 was the lowest settlement he was authorized to accept. On September 15, 2009, at the conclusion of the

conversation with Lewis, Mr. Vilenchik verbally accepted the offer of $77,433.48 on behalf of Community Finance Group and told Lewis that he would get something to him in writing and would make the payment.

On or about September 17, 2009, Community Finance Group, Inc., sent a letter via facsimile to Transworld Systems confirming the verbal acceptance of the settlement offer of $77,433.48 and requested wiring instructions or an address to which certified funds could be sent. Please see Exhibit "C" to the Affidavit of Andrew Vilenchik.

Counsel for CFG then contacted counsel for FDMS to inquire regarding the drafting of a full and final settlement agreement as to both litigations and the release of funds by TCF. Several weeks later counsel for FDMS finally responded that Transworld Systems did not have written authority to enter into the settlement agreement for the amount of $77,433.38.

CFG notified FDMS that it would bring a motion to enforce the settlement reached with Transworld Systems. In order to more fully present the issue of "authority" and consummation of settlement to Court, CFG served a deposition notice and a subpoena duces tecum to FDMS and requested to depose an individual at FDMS responsible for implementing policies and practices regarding charge off of debt, collection and account settlement; and also responsible for communication with Transworld Systems, Inc. f/k/a NCO Financial Systems Inc. In conjunction, CFG also requested the production of any and all agreements between FDMS and Transworld Systems, Inc., and any recorded communications (written or electronic) with Transworld Systems regarding Community

Finance Group. FDMS chose to completely ignore the deposition notice and subpoena requesting relevant documents.

## LEGAL ARGUMENT AND AUTHORITIES

The trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous. Gatz v. Southwest Bank of Omaha, 836 F.2d 1089, 1095 (8th Cir.1988).

In connection with a motion to enforce a settlement agreement, the court's function is to act as the trier of fact." Kirk v. Chippenwood Estate Condominium, Superior Court, judicial district of New Britain, Docket No. CV 04 045000051 (September 13, 2006, Shapiro, J.).

The Court of Appeals for the eighth circuit has previously stated that a settlement agreement is enforceable if the agent possessed "actual, implied, or apparent" authority to enter into it, Surety Ins. Co. v. Williams, 729 F.2d 581, 583 (8th Cir.1984), and more recently that an agent must have been given "express" authority to enter into it, Turner v. Burlington N. R.R. Co., 771 F.2d 341, 345 (8th Cir.1985). Under either standard, the record demonstrates that Transworld Systems had authority from FDMS to enter into the settlement agreement with CFG.

Express authority "can be created by written or spoken words or the conduct of the principal which, reasonably interpreted, causes an agent to believe that the principal desires him [or her] to act in a particular manner on the principal's account." Turner, 771 F.2d at 345 (8th Cir.1985). The rules for determining whether authority has been given

by the client are the same as those which govern other principal-agent relationships. Id. Agency is a legal concept which depends on the manifest conduct of the parties, not on their intentions or beliefs as to what they have done. Restatement (Second) of Agency § 1.

Once it is shown that an agent has entered into an agreement to settle a case, the party who denies that the agent was authorized to enter into the settlement has the burden to prove that authorization was not given. This is a heavy burden. Greater Kansas City Laborers Pension Fund v. Paramount Indus., Inc., 829 F.2d 644, 646 (8th Cir.1987).

Transworld Systems is a collection company acting on authority from FDMS. There can be no dispute that the CFG account in the amount of $103,244.65, was transferred to Transworld Systems for collection by FDMS during a period of stay of the present litigations. The parties had previously requested two extensions of the scheduling conference and had submitted a formal request for stay of proceedings prior to the time Transworld Systems presented the $77,433.48 settlement offer to CFG. Clearly, when Transworld Systems contacted CFG on September 5, 2009, they were acting under authority granted to them by FDMS. The correspondence of September 5th explicitly states that Transworld Systems is a collection agency licensed by the State of Minnesota and the balance seeking to be collected is $103,244.65, the exact amount claimed by FDMS.

Transworld Systems had authority from FDMS to enter into the settlement agreement with CFG. As demonstrated by September 11th correspondence to CFG, Transworld Systems had been directed to accept the sum of $77, 433.48 as settlement of

the account. On September 11th, 14th and 15, 2009, Mr. Vilenchik spoke personally with Lewis, a representative from Transworld Systems, attempting to negotiate a lower settlement amount; during each conversation, Mr. Vilenchik waited while the representative requested permission to lower the settlement amount. Transworld Systems was not able to act on its own accord in reducing or changing the proffered settlement amount. The September 11, 2009 correspondence offering to accept the sum of $77,433.48, in conjunction with the three telephone conversations with a representative of Transworld Systems who was unmistakably acting under the direction of FDMS, constitute a bona fide offer to settle extended by FDMS through its agent, Transworld Systems. CFG accepted this offer verbally on September 15, 2009 and confirmed that acceptance in writing on September 17, 2009 when CFG requested wire instructions for the settlement payment.

Upon acceptance of the settlement offer, an agreement existed which the Court should enforce. It should be abundantly clear from review of the evidence presented to the Court that Transworld Systems was provided with all the necessary information by FDMS to make an offer and consummate a settlement of the CFG account. The $77,433.48 settlement amount and the authorization for same was further confirmed by a Transworld Systems representative on three separate occasions during the representative's oral communications with CFG. On three separate occasions, CFG's attempts to lower the settlement amount were denied by FDMS. As a result, CFG agreed to accept the offer of settlement from Transworld Systems in the amount of $77,433.48, which represents exactly 75% of the outstanding amount claimed to be due and owing by

CFG to FDMS in the correspondence from Transworld Systems. Therefore, under caselaw and the principles of agency, an enforceable settlement agreement exists which should be enforced by the Court.

## CONCLUSION

FDMS expressly gave Transworld Systems authority to settle at 75% of the outstanding amount. Transworld Systems reached a full and final settlement agreement with CFG for that amount. There exists an offer, acceptance and consideration, which are all elements of a proper contract binding on the parties. This Court should enforce the settlement agreement and allow the funds held by TCF Bank and belonging to CFG to be used to satisfy the settlement and disburse the remainder back to CFG, the rightful owner.

**PARKER & WENNER, P.A.**

Dated: October 14, 2009

By:   /s/ Boris Parker
Boris Parker (#291316)
Elizabeth Lambrecht (#348120)
1700 U.S. Bank Plaza
220 South Sixth Street
Minneapolis, MN 55402
Telephone: 612-355-2200
Fax: 612-355-2210

*Attorneys for Defendant Community Finance Group*

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TCF National Bank, | Court File No.: 09-CV-00518 DSD/FLN |
| | Court File No.: 09-CV-00539 DSD/FLN |
| Interpleader Plaintiff, | |
| v. | **CERTIFICATE OF COMPLIANCE** |
| First Data Merchant Services Corporation and Community Finance Group, Inc. | |
| Interpleader Defendants. | |

Pursuant to Rule LR 7.1(c) the undersigned hereby certifies, as counsel for Community Finance Group, Inc., that Community Finance Group, Inc's Memorandum of Law in support of its Motion to Enforce Settlement was prepared in Microsoft Word 2007 using 13 point font. The undersigned further certifies that the Memorandum complies with the type-length limitation as there are 1,629 words in the Memorandum, according to Microsoft Word 2007 word count, including headings, footnotes and quotations.

PARKER & WENNER, P.A.

Dated: October 14, 2009

s/Boris Parker
Boris Parker (#291316)
Elizabeth Lambrecht (#348120)
1700 U.S. Bank Plaza
220 South Sixth Street
Minneapolis, MN 55402
Telephone: 612-355-2200
*Attorneys for Defendant Community Finance Group*